IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JANE DOES 1-10,<br><br>              Plaintiff,<br><br>    v.<br><br>STATE OF HAWAII, NOLAN ESPINDA, ERIC G. TANAKA, CHAVON FREITAS, TAOFI MAGALEI, JR., BRENT BAUMANN, GAUTA VA'A, and JAMES SINATRA,<br><br>              Defendants. | Civil No. 1:17-cv-00143 DKW-KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

Defendants, STATE OF HAWAII ("State"), NOLAN ESPINDA ("Espinda"), ERIC G. TANAKA ("Tanaka"), and JAMES SINATRA, in his official capacity ("Sinatra") (hereinafter collectively the "State Defendants"), by and through their attorneys, Douglas S. Chin, Attorney General of Hawaii, and Caron M. Inagaki and Marie Manuele Gavigan, Deputy Attorneys General, submit this memorandum in support of their motion to dismiss the Second Amended Complaint filed on July 26, 2017.

I.      INTRODUCTION

Plaintiffs, Jane Does 1-10 ("Plaintiffs") filed this civil action on March 30,

2017, alleging various claims against the State Defendants. On July 26, 2017,

Plaintiffs filed their Second Amended Complaint which is the operative Complaint

in this case and the subject of this motion. The Second Amended Complaint

contains the following claims:

- Count I – 42 U.S.C. §1983 – Negligent Supervision

- Count II – 42 U.S.C. §1983 -- Policy and Custom of Deliberate Indifference (Policy)

- Count III-- 42 U.S.C. §1983- Policy and Custom of Deliberate Indifference (Systemic)

- Count IV[1] - 42 U.S.C. §1983-Policy and Custom of Deliberate Indifference (Ratification)

- Count V - Negligence

- Count VI - Negligent Hiring, Training, and Supervision

- Count VII - Assault and Battery

- Count VIII - Intentional Infliction of Emotional Distress

- Count IX - Negligent Infliction of Emotional Distress

- Count X - False Imprisonment

---

[1] This Count is Section V.D. of the Second Amended Complaint and contains paragraphs numbered 92 through 98. The heading on this section is improperly designated as "Count VI – 42 U.S.C. 1983 – Policy and Custom of Deliberate Indifference (Ratification). It is clear that this Count is intended to be Count IV, not Count VI, as it follows Count III, is before Count V, and there is already a Count VI that follows Count V. Therefore, in this motion, all references to this count will be "Count IV."

- Count XI - Punitive Damages

## II. LEGAL STANDARD

### A. FRCP Rule 12(b)(1) Motion

When a defendant files a motion to dismiss pursuant to Rule 12(b)(1) of the

Federal Rules of Civil Procedure ("FRCP"), it is the plaintiff's burden to show that

the Court has subject matter jurisdiction over the claim. While the Court must

accept as true all factual allegations contained in the Complaint, in the case of a

motion to dismiss pursuant to Rule 12(b)(1), since the plaintiff bears the burden of

proof on the issue of subject matter jurisdiction, the Court must more closely

scrutinize the plaintiff's factual allegations contained in the Complaint than it

would in resolving a 12(b)(6) motion. *Zivotofsky by Zivotofsky v. Secretary of

State*, 511 F.Supp.2d 97, 101 (D.C.Cir. 2007). Moreover, the Court is allowed to

consider matters outside the pleadings in making its determination regarding the

existence of subject matter jurisdiction. *Id.* at 102.

### B. FRCP Rule 12(b)(6) Motion

FRCP Rule 12(b)(6) allows a court to dismiss a complaint or any portion of

it for failure to state a claim upon which relief may be granted. *Stamps v. Johns,

597 F.Supp.2d 1, 3 (D.D.C. 2009). The Court considering the motion to dismiss

must accept as true all factual allegations in the Complaint. In deciding the

motion, the court is limited to considering "the facts alleged in the complaint,

documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." (citations omitted)

III.    ARGUMENT

The State of Hawaii is not a proper defendant to be sued in this case, particularly in Federal Court.  For that reason, this Court does not have subject matter jurisdiction to hear any claims against the State.  In addition, the individual State Defendants, to the extent that they are sued in their official capacities, are not proper defendants and the claims against them in their official capacities must be dismissed.  Also, Counts I – IV of the Second Amended Complaint fail to state a claim upon which relief can be granted.  Finally, Plaintiffs did not obtain permission, as required by law, to proceed in this matter anonymously; therefore, the Second Amended Complaint must be dismissed.

    A.    Plaintiffs Did Not Obtain Permission to Proceed Anonymously

        1.    Proceeding Anonymously is Disfavored

Plaintiffs' counsel has unilaterally decided that his clients should be allowed to proceed anonymously.[2]  This is clearly improper.  Rule 10(a) of the Federal Rules of Civil Procedure ("FRCP") provides that the caption shall include the names of all parties.  A party or their attorney is not entitled to make the decision

---

[2] Although Plaintiffs filed, under seal, their Notice of Identification of Jane Doe Plaintiffs, that does not cure the problem that they did not obtain leave of Court to proceed anonymously prior to filing their Complaint.

to proceed anonymously.  Traditionally, in order for suit to proceed, the parties

must be identified.  *See Zocares v. Castro,* 465 F.3d 479, 483-485 (11th Cir. 2006)

(dismissal was justified when plaintiff deceived court and defendant by

prosecuting action under alias without revealing his true name as required by

FRCP Rule 10).

The use of fictitious names is discouraged as against the public's legitimate

interest in the facts of a lawsuit, including the names of the parties.  *Doe v.*

*Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) ("use of fictitious

names runs afoul of the public's common law right of access to judicial

proceedings").   It is for this Court to carve out an exception to FRCP Rule 10(a)

after an examination of each of the individual circumstances of each Plaintiff.

*See, Estate of Rodriguez v. Drummond Co.*, 256 F.Supp.2d 1250, 1255-1257 (N.D.

Ala. 2003) (court lacked jurisdiction when plaintiffs filed their claims under

fictitious names but did not seek leave to proceed anonymously).

In the Ninth Circuit, the right to access to the Courts is not taken lightly and

the public interest in litigation is one of the factors to be considered.  *Doe v.*

*Kamehameha Schools/Bernice Pauahi Bishop Estate,* 596 F.3d 1036, 1042 (9th Cir.

2010).  Courts are traditionally not shrouded in secrecy.  *See, Sealed Plaintiff v.*

*Sealed Defendant #1*, 537 F.3d 185, 188-189 (2nd Cir. 2008) (requirement that

complaint name parties "serves the vital purpose of facilitating public scrutiny of

judicial proceedings and therefore cannot be set aside lightly").

The practical reasons for the reluctance of allowing plaintiffs to proceed

anonymously were provided by one court:

> Court proceedings are public proceedings and the names of
> the parties and their addresses are essential not only to
> identify the various parties, but also in connection with
> aspects of the judicial process such as discovery, motion
> practice, jury selection, and execution to enforce money
> judgments. As a corollary, proper identification of a party
> assures against misidentification of some other party as
> being involved. There is a constitutional and customary
> presumption of openness in all judicial proceedings, except
> in juvenile court proceedings. *A.B.C. v. XYZ Corporation
> and XYZ Company, Int'l*, 660 A.2d 1199 (N.J.Super 1995).

The Second Amended Complaint does not name or identify any of the

Plaintiffs in this case other than the designation of Jane Does 1-10. Of course, this

is improper unless allowed by this Court.

> 2.     Effect of Plaintiffs' Failure to Obtain Court Permission

Here, Plaintiffs have decided that they may proceed anonymously without

asking the Court for permission to do so. They have chosen to bypass the usual

and customary procedure of filing an appropriate motion asking this Court to make

an exception to FRCP Rule 10.

Plaintiffs' failure to follow well-established procedures for proceeding

anonymously has divested this Court of jurisdiction. Some courts have held that if

a plaintiff files a complaint anonymously or pseudonymously without contemporaneously getting the permission of the court, the court lacks jurisdiction over the party. *See, Estate of Rodriquez v. Drummond Co.,* 256 F.Supp.2d 1250 (D.C. Ala. 2003) (failure to file motion to proceed using pseudonyms with complaint cannot be cured by order granting permission to proceed anonymously *nunc pro tunc*, citing *W.N.J. v. Yocom*, 2001, 257 F.3d 1171 (10th Cir. 2001). In *Roe v New York*, 49 FRD 279 (SD NY 1970) the court ruled that if a complaint does not identify any plaintiff in the title or otherwise, its filing is ineffective, under FRCP Rule 10, to commence an action.

Plaintiffs' Second Amended Complaint must be dismissed.

B.      The State of Hawaii is Not a Proper Defendant in This Case

1.      The Claims Pursuant to §1983 (Counts I – IV)

Section 1983 of Title 42 of the U.S. Code states in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage…subjects or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

42 U.S.C. §1983. "Section 1983 does not create any substantive rights; rather it is a vehicle whereby plaintiffs can challenge actions by governmental officials."

*Cholla Ready Mix, Inc. v. Civish,* 382 F.3d 969, 978 (9th Cir. 2004)(quoting

*Henderson v. City of Simi Valley,* 305 F.3d 1052, 1056 (9th Cir.2002)) (quotations omitted). To state a §1983 claim, a "plaintiff must demonstrate a deprivation of a right secured by the Constitution or laws of the United States, and that the defendant acted under color of state law." [citations omitted]

Neither the State nor any official of the State, while acting in his or her official capacity, is a "person" within the meaning of §1983. §1983 does not provide a vehicle for Plaintiffs to seek a remedy against the State for alleged constitutional violations, as such suits are barred by the Eleventh Amendment. *Will Michigan Dept. of State Police,* 491 U.S. 58, 66 (1989). Accordingly, Plaintiffs' claims against the State in Counts I, II, III and IV of the Second Amended Complaint must be dismissed.

2. Count VII (Assault & Battery) and Count X (False Imprisonment) Must Be Dismissed

Count VII asserts a claim for assault and battery against all Defendants (Paragraph 118 of the Second Amended Complaint), and Count X asserts a claim for false imprisonment against all Defendants (Paragraph 129 of the Second Amended Complaint) which includes the State. Assault and battery and false imprisonment are intentional acts for which the State cannot be liable. These claims against the State, and the official capacity defendants, must be dismissed, as the Court has no jurisdiction over these claims.

Hawaii Revised Statutes ("HRS") §662-15(4) exempts from the State Tort Liability Act any "claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process libel, slander, misrepresentation, deceit, or interference with contract rights." As such, the State has not waived its sovereign immunity for any claims of assault and battery or false imprisonment. Without a waiver of sovereign immunity for these claims, the Court has no subject matter jurisdiction over the claims. Therefore, Counts VII and X of the Second Amended Complaint must be dismissed as to the State and the official capacity defendants.

      C.     Claims against Espinda, Tanaka and Sinatra in
            Their Official Capacities Must Be Dismissed

Espinda, Tanaka and Sinatra have been sued in their official capacities (as well as their individual capacities), and as such, they are entitled to judgment for all claims made against them in their official capacities. Suits against officials in their official capacities are the same as suits against the entity. Accordingly, official capacity suits duplicate the claims made against the State. *White v. Sabatino*, 526 F.Supp.2d 1143, 1151-52 (D.Haw. 2007).

Moreover, there is no request for injunctive relief in this lawsuit, therefore, there is no need for an official capacity defendant to remain in this case. Although the pray for relief in the Second Amended Complaint includes a prayer for "injunctive and declaratory relief as separately plead [sic]," there is no request or

indication in any paragraph of the Second Amended Complaint that asks for or even mentions injunctive or declaratory relief. Therefore, Espinda, Tanaka, and Sinatra are entitled to judgment for all claims made against them in their official capacities.

### D. Plaintiffs Fail to State a Claim for Relief Against Espinda and Tanaka

#### 1. Count I Must Be Dismissed as to Espinda and Tanaka

Count I of the Second Amended Complaint attempts to assert a §1983 claim for "negligent supervision." Negligent supervision is not a violation of any constitutional provision or federal law, rather, it is a negligence claim. Therefore, no claim under §1983 may lie for negligent supervision.

#### 2. Counts II – IV Must Be Dismissed as to Espinda and Tanaka

Counts II, III and IV of the Second Amended Complaint attempt to assert a §1983 claim for "policy and custom of deliberate indifference." The apparent difference between these claims is that Count II is designated as "policy," Count III is designated as "systemic," and Count IV is designated as "ratification." Regardless of Plaintiffs' attempted designations, and the separation into three separate "counts," the fact remains that all three of these claims are basically the same claim, i.e., "a policy and custom of deliberate indifference."

These three claims fail to state a proper claim upon which relief can be granted, as the claims are ambiguous and largely nonsensical. It is clear from the

Second Amended Complaint, that most of the alleged incidents involved different inmate allegations as to different Adult Corrections Officers ("ACOs") under different circumstances and in different locations. Thus, it is vague as to what alleged policies that Plaintiffs contend do not exist, why and which existing policies are not adequate to address the allegations, and how Espinda and Tanaka are deliberately indifferent as it relates to any specific policy. For example, in Count II, Plaintiffs allege that the State has failed to "provide policies and procedures that insure the safety of the women prisoners under their care and control." Yet the State has many policies and procedures in place that specifically address inmate safety. Plaintiffs need to specify how the existing policies are inadequate and how that makes Espinda and Tanaka deliberately indifferent towards Plaintiffs.

In Count IV, the allegations simply don't make sense. In paragraph 88, Plaintiffs allege that the State has "contracted with the Sex Abuse Treatment Center to develop and implement an educational program to help prevent sexual assaults on inmates." Second Amended Complaint, paragraph 88. In paragraph 89, Plaintiffs allege that the State "has restricted that use to inmate on inmate assaults. Sexual assaults upon inmates by employees are not referred for Sex Assault Treatment." Second Amended Complaint, paragraph 89. Even if this were true, Plaintiffs are referring to two separate and distinct matters. Referral for sex assault

treatment has nothing to do with an educational program to help prevent sexual assaults on inmates.

Counts II, III, and IV do not state a claim upon which relief can be granted, therefore, these Counts must be dismissed.

### 3. There is No Supervisory Liability Under §1983 as to Espinda and Tanaka

There is no legal authority for "supervisory liability" under §1983. Rather, to impose liability, there must be a showing of the defendant's personal participation in the deprivation of which the Plaintiff complains. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). There must a showing that the defendant engaged in an affirmative act, participated in another's affirmative act or omitted to perform an act, which he was legally required to do that caused the deprivation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). The inquiry into causation must be individualized and focus on the duties and responsibilities of each defendant. *Id.* "Each individual defendant can be liable only for what he or she did personally, not for any recklessness on the part of any other defendants, singly or as a group." *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cr. 1987). There can be no §1983 liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode,* 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980).

Plaintiffs' Second Amended Complaint is completely devoid of any allegations that could give rise to liability under §1983 for the allegations in Counts I – IV.  Therefore, Counts I – IV of the Second Amended Complaint must be dismissed as to Espinda and Tanaka.

IV.    CONCLUSION

For all the reasons stated herein the State Defendants respectfully request that this Honorable Court grant this Motion to Dismiss the Second Amended Complaint, filed on July 26, 2017.

DATED:  Honolulu, Hawaii, October 2, 2017.

/s/ Marie Manuele Gavigan
MARIE MANUELE GAVIGAN
Deputy Attorney General

Attorney for Defendants
STATE OF HAWAII, NOLAN ESPINDA,
ERIC G. TANAKA, and JAMES SINATRA
in his official capacity