IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEINETTE KAINOA REYES, et al.,<br><br>            Plaintiffs,<br>   vs.<br><br>STATE OF HAWAIʻI, et al.,<br><br>            Defendants. | CIVIL NO. 17-00143 JAO-RT<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS STATE OF HAWAIʻI, NOLAN ESPINDA, AND ERIC TANAKA'S MOTION TO DISMISS THIRD AMENDED COMPLAINT FILED ON OCTOBER 19, 2018 |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS STATE OF HAWAIʻI, NOLAN ESPINDA,
AND ERIC TANAKA'S MOTION TO DISMISS THIRD
AMENDED COMPLAINT FILED ON OCTOBER 19, 2018**

## I.  INTRODUCTION

This action arises out of the alleged sexual abuse of inmates at the Women's

Community Correctional Center ("WCCC") by its employees.  Plaintiffs assert

federal Constitutional and Hawaiʻi state law claims against the State of Hawaiʻi (the

"State"), Nolan Espinda, Eric Tanaka, Chavon Freitas, Taofi Magalei, Jr., Brent

Baumann, Gauta Vaa, James Sinatra, John Does 1–25, Jane Does 1–25, and Doe

Entities 1–25.  The State, Nolan Espinda, and Eric Tanaka (collectively,

"Defendants") move to dismiss the Third Amended Complaint filed on October 19,

2018 as to all claims against them.

For the reasons set forth below, the Court GRANTS the Motion in part and

DENIES it in part. Counts I–IV are DISMISSED WITH PREJUDICE as to the State, Espinda in his official capacity, and Tanaka in his official capacity. The Motion is DENIED with respect to Counts I–IV as to Tanaka in his individual capacity and Counts V–XII as to all Defendants.

## II. BACKGROUND

### A. Factual History

Plaintiffs Leinette Kainoa Reyes; Dana K.A. Baba; Darnell K. Maluyo Artemio Panlasigui, individually and as personal representative of the estate of Dawnielle C. Panlasigui, deceased, and as next friend to A.P., a minor; Tiana M. Soto; Maelene Cruz; Monica J. Alves Peralto; Shawna L. Tallman; Reyna M. Banks; and Victoria Suanoa-Piper (collectively, "Plaintiffs") allege that while incarcerated, they were regularly sexually abused by four Adult Correctional Officers ("ACOs") and one civilian employee. Doc. No. 51 at 3–4. Plaintiffs allege that these assaults often occurred in the WCCC Control Stations. *Id.* at ¶¶ 34–90. The Third Amended Complaint ("TAC") alleges multiple occasions when WCC employees touched Plaintiffs inappropriately, forcibly gave and received oral sex, digitally penetrated Plaintiffs, and engaged in vaginal sex with the promise of privileges. *Id.* Plaintiffs allege that as a result of the fear and anxiety caused by these sexual assaults, Plaintiff Dawnielle Pawnlasigui committed suicide. *Id.* at ¶¶ 58–59. Due to the prevalence of the assaults and the

similar circumstances surrounding them, Plaintiffs allege that the State, Espinda (as Director of the Department of Public Safety) and Tanaka (as warden of WCCC) failed to supervise their employees and condoned a culture, pattern, and policy of sexual abuse. *Id.* at ¶¶ 91–123.

**B.    Procedural History**

Plaintiffs initiated this action on March 30, 2017.  Doc. No. 1.  On July 26, 2017, Plaintiffs filed their Second Amended Complaint, Doc. No. 24, which was dismissed by stipulation on November 15, 2017, Doc. No. 44.  The TAC was filed on October 19, 2018 and is the subject of this Motion.  Doc. No. 51.  The TAC asserts the following claims:  (1) violations of § 1983 (Counts I, II, III, and IV); (2) seduction (Count V); (3) negligence (Count VI); (4) negligent hiring, training, and supervision (Count VII); (5) assault and battery (Count VIII); (6) intentional infliction of emotional distress (Count IX); (7) negligent infliction of emotional distress (Count X); (8) false imprisonment (Count XI); and (9) wrongful death (Count XII).  *Id.*  Plaintiffs pray for general, special, and punitive damages; reimbursement of costs and expenses; pre- and post- judgment interest; injunctive and declaratory relief as separately plead; and any additional relief deemed appropriate.  *Id*. at 37.

On November 8, 2018, the State, Espinda, and Tanaka filed the instant Motion to Dismiss the Third Amended Complaint Filed on October 19, 2018.

Doc. No. 57.  Plaintiffs filed an opposition, Doc. No. 66, and Defendants

responded with a reply, Doc. No. 67.

### III.   LEGAL STANDARDS

Defendants' Motion is brought pursuant to Federal Rules of Civil Procedure

("FRCP") 12(b)(1) and 12(b)(6).  A Rule 12(b)(1) motion to dismiss for lack of

subject matter jurisdiction may attack either the allegations of the complaint or the

existence of subject matter jurisdiction in fact.  *Thornhill Publ'g Co. v. Gen. Tel. &*

*Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir.1979) (internal citations omitted).  When

the motion to dismiss finds fault with the allegations of the complaint, the court

accepts all factual allegations as true and construes them in the light most favorable

to the nonmoving party.  *Fed'n of African Am. Contractors v. City of Oakland*, 96

F.3d 1204, 1207 (9th Cir.1996).  If the motion attacks a jurisdictional issue

separable from the merits of the case, the judge may consider the evidence

presented with respect to jurisdiction and rule on that issue, resolving factual

disputes and considering matters outside the complaint when necessary.

*Thornhill*, 594 F.2d at 733.

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) authorizes dismissal of a

complaint that fails "to state a claim upon which relief can be granted."  Fed. R.

Civ. P. 12(b)(6).  When reviewing a Rule 12(b)(6) motion to dismiss, "'the court

accepts the facts alleged in the complaint as true,' and '[d]ismissal can be based on

the lack of a cognizable legal theory or the absence of sufficient facts alleged.'"

*UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th

Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

1988)) (alteration in original).  However, conclusory allegations of law,

unwarranted deductions of fact, and unreasonable inferences are insufficient to

defeat a motion to dismiss.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988

(9th Cir. 2001); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of

Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000).

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists "when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S.

at 556).  Although a court must accept all allegations contained in the complaint as

true, this obligation does not extend to legal conclusions. *Id.*  As such,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—

'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2))

(some alterations in original). If dismissal is ordered, Plaintiffs should be granted

leave to amend unless it is clear that amendment would be futile. *Swartz v. KPMG*

*LLP*, 476 F.3d 756, 760 (9th Cir. 2007).

## IV.  DISCUSSION

Defendants seek dismissal of Counts I–XII as asserted against them. With

respect to Counts I–IV against the State, Espinda in his official capacity, and

Tanaka in his official capacity, Defendants argue that (1) claims against Espinda

and Tanaka duplicate the claims made against the State and (2) Plaintiffs' federal

claims against the State are barred by the doctrine of sovereign immunity.

Regarding Counts I–IV against Tanaka in his individual capacity, Defendants

contend that the allegations do not support individual liability under § 1983. In

addition, Defendants argue Plaintiffs' claim for declaratory relief must be

dismissed. Finally, Defendants argue that Counts V–XIII must be dismissed

against them for lack of jurisdiction.

## A.    Section 1983 Claims (Counts I–IV)

Plaintiffs allege that by failing to prevent the repeated sexual assaults at

WCCC, Espinda and Tanaka violated Plaintiffs' Constitutional rights while acting

in their official capacities. Section 1983 states:

> Every person, who under color of any statute, ordinance, regulation,
> custom, or usage, of any State . . . subjects, or causes to be subjected,

6

any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. This provision does not create substantive rights; "rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 978 (9th Cir. 2004) (citation and quotations omitted). To state a § 1983 claim, Plaintiffs must plead (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of law. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 662 (1978).

Plaintiffs allege that a Constitutional right was violated. *E.g.*, Doc. No. 51 at ¶¶ 34–43, 45–47. Sexual assault, coercion, and harassment "violate contemporary standards of decency and can cause severe physical and psychological harm" in violation of the Eighth Amendment. *Thomas v. D.C.*, 887 F. Supp. 1, 4 (D.D.C. 1995). While it would be helpful if Plaintiffs specified which Constitutional Amendment Defendants violated, § 1983 only requires Plaintiffs allege they have been deprived of a federal right and that the person who deprived them of the right acted under color of law. 42 U.S.C. § 1983. Plaintiffs have adequately plead that their Eighth Amendment right to be free from sexual abuse while incarcerated was violated, despite the fact that they did not identify the Amendment violated nor

7

indicate whether Plaintiffs were pretrial detainees or post-trial convicts.[1] *See Little v. State of Ill. Dep't of Revenue, Bureau of Criminal Investigation*, 907 F. Supp. 280, 284 (N.D. Ill. 1995) (holding that, taking all reasonable inferences in the plaintiff's favor, plaintiff adequately plead a violation even when specific Constitutional Amendment was not identified); *Simmons v. Chicago Pub. Library*, 860 F. Supp. 490, 493 (N.D. Ill. 1994) (same); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiffs also allege that the Constitutional violations were committed by persons acting under color of law. "[A] public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Atkins*, 487 U.S. at 50. Plaintiffs claim that on-duty WCCC employees committed assaults in the course of executing their responsibilities over Plaintiffs. *E.g.* Doc. No. 51 at 3–5. Having established that Plaintiffs met these pleading requirements, the Court turns to Defendants' arguments.

### 1. State Liability

Defendants argue that claims against Espinda and Tanaka in their official capacities duplicate Plaintiffs' claims against the State, and Plaintiffs conceded this at the hearing. It is well established that "official capacity" "suits generally

---

[1] Plaintiffs clarified in their Opposition that the Complaint asserts Eighth Amendment violations. Opp. at 2.

represent only another way of pleading an action against an entity of which an

officer is an agent." *Id*. at 691 n.55. Therefore, the claims against Tanaka and

Espinda in their official capacities are treated as if asserted against the State. *See*

*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). However, "neither

a State nor its officials acting in their official capacities are 'persons' under

§ 1983." *Id*. at 71. Accordingly, Counts I–IV are DISMISSED against the State,

and Espinda and Tanaka in their official capacities.

Further, the Eleventh Amendment "bars suits against a state or its agencies,

regardless of the relief sought, unless the state unequivocally consents to a waiver

of its immunity." *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated*

*on other grounds by Levin v. Commerce Energy, Inc*., 560 U.S. 413 (2010)

(quoting *Yakama Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1245

(9th Cir. 1999)). The Court may find such "unequivocal consent" only if: (1) the

state expressly consents to federal jurisdiction in the context of the litigation, (2) a

state statute or constitutional provision expressly provides for suit in federal court,

or (3) Congress clearly abrogates the Eleventh Amendment. *Charley's Taxi Radio*

*Dispatch v. SIDA of Hawaii*, 810 F.2d 869, 873 (9th Cir.1987) (internal citation

omitted).

Plaintiffs argue that Hawai'i Revised Statute § 662–2, the State Tort

Liability Act, constitutes a waiver of the State's Eleventh Amendment immunity.

Doc. No. 66 at 7. Section 662–2 provides:

> The State hereby waives its immunity for liability for the torts of its employees and shall be liable in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

Haw. Rev. Stat. Ann. § 662-2 (West).

Although Section 662-2 does not explicitly address the State's consent to suits in federal court, the Ninth Circuit has held that it does not constitute a waiver of Eleventh Amendment immunity. *Price v. Hawaii*, 921 F.2d 950, 958 (9th Cir.1990); *see also Au v. Hawaii*, 735 F.Supp. 963 (D. Haw. 1989), *aff'd*, 899 F.2d 1224 (9th Cir.1990) (finding no waiver of Eleventh Amendment in civil rights actions). The Hawai'i Supreme Court similarly held in *Figueroa ex rel. Figueroa v. State*, 61 Haw. 369, 604 P.2d 1198 (1979) that § 662 does not waive immunity for Constitutional violations in suits involving monetary damages. Indeed, the Hawai'i State Legislature expressly stated that § 662 does not serve as the State's consent to federal lawsuits. Act 135, § 1 Session Laws of 1984. Accordingly, § 662-2 does not serve as a waiver of the State's immunity from suit in federal court. Counts I–IV against the State and Espinda and Tanaka in their official capacities are DISMISSED WITH PREJUDICE because Plaintiffs cannot cure these defects by amendment.

10

## 2. Individual Liability

Plaintiffs assert § 1983 claims against Defendant Tanaka in his individual capacity.[2] In pertinent part, Plaintiffs allege:

> 90. On November 23, 2016, while on work duty at WCCC, Defendant Sinatra called Plaintiff PIPER into his office and exposed his penis to her, asking Plaintiff PIPER if it will make her happy. Plaintiff PIPER ran out of his office. Defendant Sinatra followed Plaintiff PIPER out of his office, cornered her and told her not to tell anyone about what he said or did. Defendant Sinatra informed Plaintiff PIPER that he was "friends with the Warden," Defendant Eric G. Tanaka, and "no one would believe" her if she reported he exposed himself because she was "just an inmate."

> . . .

> 94. Defendants SOH, Espinda, and Tanaka failed to adequately train, supervise or manage the ACOs involved.

> 95. Defendants State of Hawaii, Espinda, and Tanaka allowed, ordered, acquiesced to retaliate against other employees who corroborated, reported, or confirmed the sexual assaults that were going on at WCCC.

> . . .

---

[2] Defendants correctly contend that Plaintiffs sued Espinda only in his official capacity, so Defendants have not moved to dismiss any claim against Espinda in his individual capacity. Doc. No. 67. When a complaint is silent as to capacity, courts presume that the officials are being sued in their individual capacities. *Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho*, 42 F.3d 1278, 1284 (9th Cir. 1994) (beginning with this presumption but finding the caption controlling when the complaint is silent). When a complaint specifies that officials are being sued in their official capacities, however, there is no such presumption. *Bisom v. Com. Of N. Marina Islands*, 163 F.3d 605 (9th Cir. 1998). In this case, the TAC specifies that Espinda is sued in his official capacity. Doc. No. 51 at ¶ 20.

101. Defendants State of Hawaii, Espinda and Tanaka failed to provide policy and procedures that insure [sic] the safety of the women prisoners under their care and control, including, but not limited to, allowing female inmates to remain in the Control Stations with male ACOs for no legitimate business purpose without properly logging their movements in a logbook or through electronic video.

102. Defendants SOH, Espinda and Tanaka failed to provide policies and procedures that insure [sic] the safety of the women prisoners under their care and control, including, but not limited to, deliberate indifference to ongoing sexual activities between inmates and ACOs and civilian employees.

103. Defendants SOH, Espinda, and Tanaka failed to investigate and follow up on reported sexual activities and violations.

104. Defendants SOH, Espinda, and Tanaka, upon reports from Plaintiffs and other inmates of the sexual activity going on at WCCC did retaliate against certain inmates by causing and conducting searches, cancelling visits and seizing legal material from those inmates.

105. Defendants State of Hawaii, Espinda and Tanaka, upon reports from other employees of the sexual activity going on at WCCC did retaliate against those employees.

. . .

114. Defendants Espinda and Tanaka, each or either of them could have changed the policies and procedures which were the cause of Plaintiffs' injuries.

115. Defendants Espinda and Tanaka knew or should have known of the ongoing sexual assaults and retaliation at WCCC.  Each could have individually changed the policies and procedures which were the cause of Plaintiffs' injuries.

. . .

121. The SOH and Defendants Espinda and Tanaka participated in

reporting and documenting of the conditions, policies and investigations under PREA[3] requirements that effectively ratified the current policies and practices. PREA reporting and compliance efforts by Defendants State of Hawaii, Espinda and/or Tanaka fail to address: (1) the use of the Control Station as a preferred place for ACOs to have sex with the women inmates, (2) the number of complaints that arise out of the Control Stations, or (3) even an acknowledgment that there is a problem with the Control Stations, thereby ratifying the use of the Control Stations in the manner they are currently used, managed and supervised.

Doc. No. 51 at ¶¶ 90, 94–95, 101–105, 114–115, 121. Defendants argue that these allegations cannot give rise to individual liability under § 1983. Mot. at 10.

Tanaka, as WCCC warden, may not be held individually liable under a *respondeat superior* theory. *See Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013). Rather, a prison supervisor may be individually liable under § 1983 "if there exists either (1) [the supervisor's] personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citation omitted).

"The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr v. Baca*, 652 F.3d 1202, 1207–08 (9th Cir. 2011) (internal citations and quotations omitted). "A supervisor can be

---

[3] "PREA" is the Prison Rape Elimination Act. 42 U.S.C. §§ 15601–09.

liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1208 (internal quotation omitted).

Cognizant of the Court's obligation to accept the allegations in the TAC as true, the Court finds that the TAC alleges a § 1983 claim against Tanaka in his individual capacity. According to the TAC, Tanaka was aware of the numerous reports of sexual assaults, Doc. No. 51 at ¶¶ 104–105, and the sexual assaults occurred under similar circumstances, among several prison employees, against ten female inmates, *id.* at 4, ¶¶ 34–90. Despite these reports, Tanaka allegedly failed to investigate, implement policies, or otherwise prevent sexual assaults from occurring in the Control Stations. *Id.* at ¶¶ 101, 103, 121. In addition, Tanaka allegedly retaliated and acquiesced to retaliation against employees and inmates who reported the sexual assaults. *Id.* at ¶¶ 95, 104–105. These claimed facts suffice to establish a "causal connection between [Tanaka's] wrongful conduct and the constitutional violation." *See Hansen*, 885 F.2d at 646 (internal citation omitted).

Moreover, Plaintiffs allege that one of the ACOs threatened a prisoner by stating he was "friends with the Warden." Doc. No. 51 at ¶ 90. This allegation, combined with the other facts that the Court must accept as true, allows the Court

to draw the reasonable inference that Tanaka was aware of the ACO's

unconstitutional behavior. It is reasonable to infer that the ACO's statement is true

and that the ACO was confident in his immunity because the warden had

previously acquiesced to his unconstitutional behavior.[4] Thus, Plaintiffs have

stated a claim for relief that is plausible on its face. The Motion is therefore

DENIED as to Counts I–IV against Tanaka in his individual capacity.

**B.      Prospective Relief**

Defendants move to dismiss Plaintiffs' request for prospective relief. The

TAC states, "Upon conducting further discovery, Plaintiffs reserve the right to seek

declaratory relief seeking a finding that the Defendant SOH is not in compliance

with the PREA standards." Doc. No. 51 at 5. Plaintiffs pray for "injunctive and

declaratory relief as separately plead." *Id.* at 37. Under the doctrine established in

*Ex parte Young*, 209 U.S. 123 (1908), courts have recognized an exception to the

Eleventh Amendment, allowing for prospective declaratory and injunctive relief

against state officers sued in their official capacities to enjoin an alleged ongoing

violation of federal law. Plaintiffs have not yet made a claim for injunctive and

declaratory relief, but in light of *Ex parte Young*, the Court declines to foreclose

---

[4]  The Court has discretion to consider hearsay statements on a Rule 12(b) motion.
*Compare* Fed. R. Civ. P. 12(b) *with* Fed. R. Civ. P. 56(e).

them from doing so.

When discussing injunctive relief at the hearing, Plaintiffs emphasized the need for discovery. Plaintiffs are reminded that they "must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it." *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) (citing *Iqbal*, 556 U.S. at 678–79).

## C.    State Claims (Counts V–XIII)

Plaintiffs assert state law claims against Defendants. Defendants argue that because all federal claims should be dismissed, Plaintiffs' state law claims should be dismissed for lack of jurisdiction.[5] The Court, having declined to dismiss all of Plaintiffs' federal claims, retains jurisdiction over the state law claims.

## V.  CONCLUSION

In accordance with the foregoing, the Court GRANTS Defendants' motion in part and DENIES it in part. Counts I–IV are DISMISSED WITH PREJUDICE as to state liability and liability of Defendants in their official capacities. The Motion is DENIED with respect to Counts I–IV as to Defendant Tanaka in his individual capacity and Counts V–XIII against all Defendants.

---

[5] Defendants did not move to dismiss Counts V–XIII on any other basis and so the Court does not consider other grounds for dismissal at this stage.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, April 18, 2019.



    /s/  Jill A. Otake_____

Jill A. Otake
United States District Judge

CIVIL NO. 17-00143 JAO-RT; *REYES v. STATE OF HAWAI'I*; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS