IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEINETTE KAINOA REYES, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF HAWAIʻI, et al.,<br><br>Defendants. | CIVIL NO. 17-00143 JAO-KJM<br><br>ORDER GRANTING IN PART AND DEFERRING IN PART DEFENDANTS STATE OF HAWAII, NOLAN ESPINDA AND ERIC G. TANAKA'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS I-V, VIII, AND XI OF THE THIRD AMENDED COMPLAINT |

**ORDER GRANTING IN PART AND DEFERRING IN PART DEFENDANTS STATE OF HAWAII, NOLAN ESPINDA AND ERIC G. TANAKA'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS I-V, VIII, AND XI OF THE THIRD AMENDED COMPLAINT**

This action concerns the alleged sexual assault of female inmates at the Women's Community Correctional Center ("WCCC"). Defendants State of Hawaiʻi ("the State"), Nolan Espinda ("Espinda"), and Eric Tanaka ("Tanaka") (collectively "State Defendants")[1] move for summary judgment on Plaintiffs' state law claims. In his individual capacity, Tanaka also seeks summary judgment as to Plaintiffs' 42 U.S.C. § 1983, seduction, assault and battery, and false imprisonment claims. *See* Motion, ECF No. 121. For the reasons articulated below, the Court

---

[1] The Court's reference to "State Defendants" includes Tanaka and Espinda in their official capacities only.

GRANTS IN PART AND DEFERS IN PART the Motion. The Court GRANTS the Motion as to (1) Counts V to VIII and X to XII against Tanaka and Espinda in their official capacities; (2) Counts VII, VIII, X, XI, and XII against the State; and (3) Counts V, VIII, and XI against Tanaka in his individual capacity. The Court DEFERS ruling as to Counts I to IV against Tanaka in his individual capacity.

BACKGROUND

I. Factual History

Plaintiffs Leinette Kainoa Reyes; Dana K.A. Baba; Darnell K. Maluyo Artemio Panlasigui, individually and as personal representative of the estate of Dawnielle C. Panlasigui, deceased, and as next friend to A.P., a minor; Tiana M. Soto; Maelene Cruz; Monica J. Alves Peralto; Shawna L. Tallman; Reyna M. Banks; and Victoria Suanoa-Piper (collectively, "Plaintiffs") allege that while incarcerated, they were regularly sexually assaulted by four Adult Correctional Officers ("ACOs") and one civilian employee. ECF No. 51 at 3-4. Plaintiffs allege that these assaults often occurred in the WCCC Control Stations. *Id.* ¶¶ 34-90. Plaintiffs allege multiple instances of inappropriate touching, forcible oral sex, digital penetration, and vaginal intercourse with the promise of privileges. *Id*. Plaintiffs allege that as a result of the fear and anxiety caused by these sexual assaults, Plaintiff Dawnielle Pawnlasigui committed suicide. *Id.* ¶¶ 58-59. Plaintiffs allege that the State, Espinda (as Director of the Department of Public

Safety), and Tanaka (as warden of WCCC) failed to supervise their employees and condoned a culture, pattern, and policy of sexual abuse given the prevalence of the assaults and the similar attendant circumstances. *Id.* ¶¶ 91-123.

Plaintiffs further allege that Espinda, Tanaka, and the ACOs seduced them with promises of marriage; all Defendants were responsible for Plaintiffs' sexual assaults; and all Defendants caused Plaintiffs to be restrained against their will and by force of coercion. *Id.* ¶¶ 125, 139, and 158.

II. Procedural History

Plaintiffs commenced this action on March 30, 2017. On July 26, 2017, Plaintiffs filed their Second Amended Complaint, ECF No. 24, which was dismissed by stipulation on November 15, 2017. ECF No. 44. Plaintiffs filed their Third Amended Complaint ("TAC") on October 19, 2018. ECF No. 51. The TAC asserts the following claims: (1) violations of 42 U.S.C. § 1983 (Counts I–IV); (2) seduction (Count V); (3) negligence (Count VI); (4) negligent hiring, training, and supervision (Count VII); (5) assault and battery (Count VIII); (6) intentional infliction of emotional distress (Count IX); (7) negligent infliction of emotional distress (Count X); (8) false imprisonment (Count XI); and (9) wrongful death (Count XII). *Id.* Plaintiffs pray for general, special, and punitive damages; reimbursement of costs and expenses; pre- and post-judgment interest; injunctive and declaratory relief; and any additional relief deemed appropriate. *Id.*

at 37.

On April 18, 2019, the Court issued an Order Granting in Part and Denying in Part Defendants State of Hawaiʻi, Nolan Espinda, and Eric Tanaka's Motion to Dismiss Third Amended Complaint Filed on October 18, 2018. ECF No. 71. The Court dismissed Counts I to IV with prejudice against the State Defendants and denied the motion with respect to Counts I to IV against Tanaka in his individual capacity and as to Counts V to XII against all Defendants. *Id.* at 16.

## LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). In a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party. *See State Farm Fire & Cas. Co. v. Martin*, 872 F.2d 319, 320 (9th Cir. 1989).

Once the moving party has met its burden of demonstrating the absence of any genuine issue of material fact, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See T.W. Elec.*, 809 F.2d at 630; Fed. R. Civ. P. 56(c). The opposing party may not defeat a motion for summary judgment in the absence of any significant probative evidence tending to support its legal theory. *See Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). The nonmoving party cannot stand on its pleadings, nor can it simply assert that it will be able to discredit the movant's evidence at trial. *See T.W. Elec.*, 809 F.2d at 630; *Blue Ocean Pres. Soc'y v. Watkins*, 754 F. Supp. 1450, 1455 (D. Haw. 1991).

If the nonmoving party fails to assert specific facts, beyond the mere allegations or denials in its response, summary judgment, if appropriate, shall be entered. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990); Fed. R. Civ. P. 56(e). There is no genuine issue of fact if the opposing party fails to offer evidence sufficient to establish the existence of an element essential to that party's case. *See Celotex*, 477 U.S. at 322; *Citadel Holding Corp. v. Roven*, 26 F.3d 960, 964 (9th Cir. 1994); *Blue Ocean*, 754 F. Supp. at 1455.

In considering a motion for summary judgment, "the court's ultimate inquiry is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or

5

reasonable jury might return a verdict in its favor based on that evidence." *T.W. Elec.*, 809 F.2d at 631 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (footnote omitted). Inferences must be drawn in favor of the nonmoving party. *See id.* However, when the opposing party offers no direct evidence of a material fact, inferences may be drawn only if they are reasonable in light of the other undisputed background or contextual facts and if they are permissible under the governing substantive law. *See id.* at 631-32. If the factual context makes the opposing party's claim implausible, that party must come forward with more persuasive evidence than otherwise necessary to show there is a genuine issue for trial. *See Bator v. Hawaii*, 39 F.3d 1021, 1026 (9th Cir. 1994) (citing *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987)).

## DISCUSSION

The State Defendants request dismissal of the state law claims (Counts V to XII) on Eleventh Amendment grounds and the assault and battery (Count VIII) and false imprisonment (Count XI) claims based on immunity under Hawaiʻi Revised Statutes ("HRS") section 662-15(4). Tanaka seeks summary judgment as to the § 1983 (Counts I to IV), seduction (Count V), assault and battery (Count VIII) and false imprisonment (Count XI) claims to the extent those claims are asserted against him in his individual capacity.

6

I.	Eleventh Amendment

The State Defendants argue that the Eleventh Amendment bars Plaintiffs' state law claims (Counts V to XII) against them.[2]  "The Eleventh Amendment shields unconsenting states from suits in federal court."  *K.W. ex rel. D.W. v. Armstrong*, 789 F.3d 962, 974 (9th Cir. 2015) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)).  It bars individuals from bringing lawsuits against a state or an instrumentality of a state for monetary damages or other retrospective relief.  *See Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016); *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004).  Furthermore, it "applies regardless of the nature of relief sought and extends to state instrumentalities and agencies."  *Krainski v. Nevada ex rel. Bd. of Regents of the Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-02 (1984).  Suits against state officials in their official capacities are likewise barred because they constitute suits against the state itself.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Eleventh Amendment immunity is not absolute, however.  Congress may abrogate a state's immunity, or a state may waive immunity.  *See Clark v.*

---

[2]  Of those claims, only Counts VII, VIII, X, XI, and XII are asserted against the State.  Counts V to VIII and X to XII are asserted against Tanaka and Espinda in their official capacities.

*California*, 123 F.3d 1267, 1269 (9th Cir. 1997).  In addition, the Eleventh Amendment does not "bar actions against state officers sued in their official capacities, where the relief sought is prospective in nature and is based on an ongoing violation of the plaintiff's *federal* constitutional or statutory rights."  *Cent. Reserve Life of N. Am. Ins. Co. v. Struve*, 852 F.2d 1158, 1161 (9th Cir. 1988) (citing *Ex Parte Young*, 209 U.S. 123, 159-60 (1908); *Charley's Taxi Radio Dispatch Corp. v. Sida of Haw., Inc.*, 810 F.2d 869, 874 (9th Cir. 1987)); *see also Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018) ("Under the *Ex parte Young* exception to that Eleventh Amendment bar, a party may seek prospective injunctive relief against an individual state officer in her official capacity." (citation omitted)).

Here, Plaintiffs assert multiple state law causes of action against the State Defendants.  State law claims asserted in federal court against states, state agencies, and state officials acting in their official capacities are barred by the Eleventh Amendment.  *See Pennhurst*, 465 U.S. at 106; *Cent. Reserve*, 852 F.2d at 1161.  Because Tanaka and Espinda in their official capacities are state officials, *see Sherez v. State of Hawai'i Dep't of Educ.*, 396 F. Supp. 2d 1138, 1143 (D. Haw. 2005), Plaintiffs' state law claims against the State Defendants are barred by

the Eleventh Amendment.[3] *See Aviel v. Dance*, 21 F.3d 1111 (table), 1994 WL 134654, at *2 (9th Cir. 1994) ("*Pennhurst State School & Hospital v. Halderman* . . . established that for Eleventh Amendment purposes state officials may not be sued in federal court for violations of state law."); *Spoklie v. Montana*, 411 F.3d 1051, 1060 (9th Cir. 2005) (holding that *Pennhurst* dictates that the plaintiff's state law claims must be dismissed).

Although the State has waived its immunity for certain torts of its employees, HRS § 662-2,[4] jurisdiction lies with the state courts. HRS § 662-3.[5]

---

[3] Plaintiffs' state law claims cannot be excepted from the Eleventh Amendment bar even if their prayer for injunctive relief is construed as prospective relief because the *Ex Parte Young* exception is limited to suits for prospective relief for ongoing violations of *federal* law. *See Papasan*, 478 U.S. at 277-78; *Doe v. Regents*, 891 F.3d at 1153 (citing *Pennhurst*, 465 U.S. at 117) (explaining that the *Ex Parte Young* exception does not apply when a suit seeks relief under state law, even if the plaintiff names an individual state official rather than a state instrumentality as the defendant); *Spoklie*, 411 F.3d at 1060.

[4] HRS section 662-2 provides: "The State hereby waives its immunity for liability for the torts of its employees . . . but shall not be liable for interest prior to judgment or for punitive damages." HRS § 662-2.

[5] HRS section 662-3 provides:

> The circuit courts of the State and . . . the state district courts shall have original jurisdiction of all tort actions on claims against the State, for money damages, accruing on and after July 1, 1957, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the State while acting within the scope of the employee's office or employment.

HRS § 662-3.

The State's consent to be sued in tort actions "does not operate as a waiver . . . to suit in federal court." *Office of Hawaiian Affairs v. Dep't of Educ.*, 951 F. Supp. 1484, 1491 (D. Haw. 1996). The waiver applies exclusively to claims brought in state court and does not waive the State's Eleventh Amendment immunity. *See Doe ex rel. Doe v. State of Haw. Dep't of Educ.*, 351 F. Supp. 2d 998, 1018 (D. Haw. 2004). Indeed, the Hawai'i legislature has "declared that that it intended [§] 662-3 . . . to extend jurisdiction to state courts, but not to federal courts." *Sherez*, 396 F. Supp. 2d at 1144-45 (citing 1984 Haw. Sess. Laws Act 135).

The State Defendants contend that they are also immune from liability with respect to Plaintiffs' assault and battery and false imprisonment claims, pursuant to HRS section 662-15(4).[6] Indeed, section 662-15(4) immunizes the State against a respondeat superior theory of liability for a state employee's assault, battery, or false imprisonment. *See Doe Parents No. 1*, 100 Hawai'i at 68, 58 P.3d at 579. Because Plaintiffs apparently assert such liability against the State Defendants in Counts VIII and XI, the State Defendants enjoy immunity as to those claims.

For these reasons, the State Defendants are entitled to Eleventh Amendment immunity as to Plaintiffs' state law claims. Counts V to VIII and X to XII are

---

[6] HRS section 662-15(4), the intentional tort exception of the State Tort Liability Act, excepts "[a]ny claim arising out of assault, battery, [or] false imprisonment" from the State's waiver of immunity. HRS § 662-15(4); *see also Doe Parents No. 1 v. State Dep't of Educ.*, 100 Hawai'i 34, 68, 58 P.3d. 545, 579 (2002).

dismissed with prejudice against Tanaka and Espinda in their official capacities and Counts VII, VIII, X, XI, and XII are dismissed with prejudice against the State.[7] No claims remain against the State and Espinda.

II. Claims against Tanaka in His Individual Capacity

In his individual capacity, Tanaka moves for summary judgment as to the § 1983 (Counts I to IV), seduction (Count V), assault and battery (Count VIII), and false imprisonment (Count XI) claims.

    A. Seduction (Count V), Assault and Battery (Count VII), and False Imprisonment (XI) Claims

Tanaka argues that the record is devoid of evidence that he seduced, assaulted and battered, or falsely imprisoned Plaintiffs. In their Opposition, Plaintiffs concede that Tanaka did not seduce, batter or assault them. Opp'n at 15. At the hearing, Plaintiffs' counsel also conceded that Tanaka did not falsely

---

[7] *See, e.g.*, *Doe v. Regents*, 891 F.3d at 1153-54 (holding that the Eleventh Amendment barred the plaintiff's state law claim and that the district court should have dismissed the claim with prejudice); *Spears v. Hawaii*, Civil No. 12-00218 SOM-RLP, 2012 WL 1965592, at *3 (D. Haw. May 31, 2012) (concluding that the Eleventh Amendment barred the plaintiff's state law claims against the state defendants and dismissing with prejudice because no amendment would render the claims viable); *Annan-Yartey v. Haw. Dep't of Transp. Airport*, Civil No. 18-00107 HG-KJM, 2018 WL 2188004, at *4 (D. Haw. Apr. 6, 2018), *adopted by* 2018 WL 2187975 (D. Haw. May 11, 2018) (recommending dismissal of state law claims "with prejudice, *i.e.*, without leave to amend" because the state agency defendants were immune from suit pursuant to the Eleventh Amendment (citation omitted)).

imprison Plaintiffs. Therefore, summary judgment is GRANTED in Tanaka's favor, in his individual capacity, as to Plaintiff's seduction, assault and battery, and false imprisonment claims.

B. Section 1983 Claims (Counts I to IV)

Tanaka argues that there is no basis to hold him individually liable under § 1983. Alternatively, he contends that he is entitled to qualified immunity and qualified privilege.[8] Because the Court has authorized additional submissions as to these claims, it will address Tanka's qualified immunity argument in a separate order.

CONCLUSION

Based on the foregoing, the Court HEREBY GRANTS IN PART AND DEFERS IN PART Defendants' Motion for Partial Summary Judgment as follows:

---

[8] In the Motion, Tanaka erroneously argues that qualified privilege immunizes him from liability for the § 1983 claims. Mot. at 19-21. Qualified privilege applies to state law claims. *See Towse v. State*, 64 Haw. 624, 631, 647 P.2d 696, 702 (1982). Tanaka amended the argument in the Reply but did not initially seek summary judgment as to all state law claims based on qualified privilege. At the hearing, defense counsel apologized for any confusion caused by the presentation of the qualified privilege argument in the Motion but nevertheless insisted that it was properly asserted and applied to all state law claims. The Court is not persuaded. Not only did the qualified privilege argument solely pertain to the § 1983 claims in the Motion, the title of the Motion only lists Counts I-V, VIII and XI. And the introduction section—which specifically sets forth all requests for relief—does not request summary judgment on qualified privilege grounds on all state law claims asserted against Tanaka in his individual capacity. Therefore, the Court will not consider whether Tanaka is entitled to qualified privilege as to the state law claims.

12

- The Court DISMISSES WITH PREJUDICE Plaintiffs' state law claims (Counts V to VIII, and X to XII) against Tanaka and Espinda in their official capacities.

- The Court DISMISSES WITH PREJUDICE Plaintiffs' state law claims (Counts VII, VIII, X, XI, and XII) against the State.

- The Court GRANTS summary judgment as to Plaintiffs' seduction (Count V), assault and battery (Count VII), and false imprisonment (Count XI) claims against Tanaka in his individual capacity.

- The Court DEFERS ruling on the § 1983 claims (Counts I to IV) against Tanaka in his individual capacity.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, December 13, 2019.

Jill A. Otake
United States District Judge

CV 17-00143 JAO-KJM; *Reyes, et al. v. State of Hawai'i, et al.*; ORDER GRANTING IN PART AND DEFERRING IN PART DEFENDANTS STATE OF HAWAII, NOLAN ESPINDA AND ERIC G. TANAKA'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS I-V, VIII, AND XI OF THE THIRD AMENDED COMPLAINT

13