IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEINETTE KAINOA REYES, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ERIC G. TANAKA, et al.,<br><br>Defendants. | CIVIL NO. 17-00143 JAO-KJM<br><br>ORDER REGARDING AWARD OF FEES AND COSTS |

## ORDER REGARDING AWARD OF FEES AND COSTS

In its Order Granting in Part and Denying in Part Plaintiffs' Motion for Default, Sanctions and Other Appropriate Relief, the Court awarded Plaintiffs their fees and costs incurred in connection with the motion.  ECF No. 421.  After reviewing Terrance M. Revere's Supplement Declaration,[1] ECF No. 427, the Court awards Plaintiffs **$17,762.82** in attorneys' fees and tax and **$560.78** in costs.

## DISCUSSION

Plaintiffs request $27,542.40 in attorneys' fees and tax and $625.48 in costs. "Once a party is found eligible for fees, the district court must then determine what fees are reasonable." *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir.

---

[1] Counsel filed a Supplemental Declaration at the Court's direction because the original declaration did not include all information required by Local Rule 54.2(f).

2016) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 444 (1983)).  In determining reasonableness, the Court applies the lodestar method, which involves "multiplying 'the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.'"  *Id.* (citations omitted).  The Court subsequently decides whether to adjust the lodestar amount based on an evaluation of the factors articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975),[2] which have not already been subsumed in the lodestar calculation.  *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).

I.   Attorneys' Fees

Plaintiffs request attorneys' fees and tax as reflected in this table:

| Name | Rate | Hours | Total |
|------|------|-------|-------|
| Terrance Revere | $500 | 32.6 | $16,300.00 |

---

[2] The *Kerr* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70.

| Paul Smith | $400 | 4.1 | $1,640.00 |
|---|---|---|---|
| Clarisse Kobashigawa | $250 | 24.3 | $6,075.00 |
| Mark Batis | $150 | 14.4 | $2,160.00 |
| Darci Ernce | $80 | 1.6 | $128.00 |
| | | Subtotal | $26,303.00 |
| | | GET (4.712%) | $1,239.40 |
| | | **Total** | **$27,542.40** |

A.     Reasonable Hourly Rate

Plaintiffs request the following hourly rates:  (1) Mr. Revere – $500; (2)

Paul Smith – $400; (3) Ms. Kobashigawa –  $250; (4) Mr. Batis (paralegal) – $150;

and (5) Ms. Ernce (legal assistant) – $80.  In determining the reasonableness of an

hourly rate, the experience, skill, and reputation of the attorney requesting fees are

considered.  *See Webb v. Ada Cty.*, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The

reasonable hourly rate should reflect the prevailing market rates in the community.

*See id.*; *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (noting that the

rate awarded should reflect "the rates of attorneys practicing in the forum district").

It is the burden of the fee applicant to produce satisfactory evidence, in addition to

an affidavit from the fee applicant, demonstrating that the requested hourly rate

reflects prevailing community rates for similar services.  *See Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1263 (9th Cir. 1987).

This Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation. Based on its knowledge of the community's prevailing rates, its familiarity with this case, and counsel's submissions, the Court finds the following hourly rates to be manifestly reasonable:  (1) Mr. Revere – $400; (2) Mr. Smith – $375; (3) Ms. Kobashigawa –  $225; (4) Mr. Batis (paralegal) – $90; and (5) Ms. Ernce (legal assistant) – $80.[3]

---

[3]  These hourly rates are based in part on the limited information provided by counsel.  Should a motion for attorneys' fees be presented to the Magistrate Judge in the future, he is not constrained by these findings and may make reasonableness determinations based on counsel's submissions at that time.

There is some disagreement in this district about whether work completed by a legal assistant is compensable.  *Compare HRPT Props. Trust v. Lingle*, 775 F. Supp. 2d 1225, 1239–40 (D. Haw. 2011) ("This Court does not compensate for the time expended by other professionals such as librarians, litigation specialists, litigation coordinators, or legal assistants, whose requested hourly rates exceed even the rates typically awarded to experienced attorneys in Hawaii.") *with Adon Constr. Inc. v. Renesola Am. Inc.*, No. CV 16-00568 JAO-WRP, 2019 WL 5198176, at *10 (D. Haw. Sept. 26, 2019), *adopted by* 2019 WL 5196376 (D. Haw. Oct. 15, 2019) ("However, 'a request or award of attorneys' fees may include compensation for separately billed legal services performed by a paralegal, legal assistant, or law clerk.'" (citations omitted)).  To be compensable, "[t]he work must be legal work that would otherwise have been required to be performed by a licensed attorney at a higher rate."  *Id.* (citations omitted).

B.    Reasonableness of Hours Expended

Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the requested fees and costs are associated with the relief requested and are reasonably necessary to achieve the results obtained.  *See Tirona v. State Farm Mut. Auto. Ins. Co.*, 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  Courts must guard against awarding fees and costs which are excessive and must determine which fees and costs were self-imposed and avoidable.  *See id.* at 637 (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  *See Gates*, 987 F.2d at 1399 (quoting *Hensley*, 461 U.S. at 433–34). After reviewing counsel's timesheets, the Court finds that reductions are necessary for clerical tasks, duplicative entries, and excessive time.

1.    Clerical Work

Counsel billed for tasks that this district has identified as clerical. "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate."  *HRPT Props.*, 775 F. Supp. 2d at 1241 (alteration in original) (citations and quotations omitted).  These tasks are clerical or ministerial and are therefore non-compensable:

> reviewing Court-generated notices; scheduling dates and deadlines; calendaring dates and deadlines; notifying a client of dates and deadlines; preparing documents for filing with the Court; filing documents with the Court; informing a client that

> a document has been filed; personally delivering documents; bates stamping and other labeling of documents; maintaining and pulling files; copying, printing, and scanning documents; receiving, downloading, and emailing documents; and communicating with Court staff.

*Haw. Motorsports Inv., Inc. v. Clayton Grp. Servs., Inc.*, Civ. No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010), *adopted by* 2010 WL 5395669 (D. Haw. Dec. 22, 2010) (also deeming clerical identification and organization of exhibits); *see also, e.g., Yamada v. Weaver*, Civil No. 10-00497 JMS-RLP, 2012 WL 6019363, at *10 (D. Haw. Aug. 30, 2012), *adopted in pertinent part by* 2012 WL 6019121 (D. Haw. Nov. 30, 2012) (deeming clerical work completed on table of authorities).

A number of entries reflect clerical tasks – filing documents; communicating with court staff; and scheduling deadlines. Even if Mr. Batis or Ms. Ernce completed the tasks, they are nevertheless non-compensable. This is because a clerical task is non-compensable, whether billed at an attorney or paralegal rate. *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). Based on its review of the timesheets, the Court deducts the following time expended on clerical tasks: (1) Mr. Batis – 1.2 hours and (2) Ms. Ernce – 0.6 hours.

2.   <u>Duplicative Work</u>

The Court also reduces hours for meetings, discussions, and other communications, for which multiple attorneys billed.  The general rule is that two professionals cannot bill for attending the same meeting.  *See HRPT Props.*, 775 F. Supp. 2d at 1240 (citing *Brandon E. v. Dep't of Educ., State of Haw.*, No. CV 07-00536 ACK-LEK, 2008 WL 4602533, at *3 (D. Haw. Oct. 16, 2008)).  The Court does not allow more than one attorney to bill for attending (1) a meeting between co-counsel, (2) a client meeting, or (3) a meeting with opposing counsel.  *See Ko Olina Dev., LLC v. Centex Homes*, Civ. No. 09-00272 DAE-LEK, 2011 WL 1235548, at *12 (D. Haw. Mar. 29, 2011).  "In such a situation, the Court typically deducts the time spent by the lowest-billing attorney or attorneys."  *Sheehan v. Centex Homes*, 853 F. Supp. 2d 1031, 1044 (D. Haw. 2011) (citation omitted); *In re Mullins*, 84 F.3d 459, 467 (D.C. Cir. 1996) (deducting fees incurred by the two lowest-billing attorneys where three attorneys billed time spent attending a meeting together)).  The Court permits "two attorneys to bill for their appearances at court proceedings when it is reasonable and necessary for a 'second chair' to appear with lead counsel."  *Sheehan*, 853 F. Supp. 2d at 1044.

Here, there is duplication because multiple attorneys have billed for the same meetings.  For example, both Ms. Kobashigawa and Mr. Revere billed for a March 3, 2020 meeting regarding the motion for default, sanctions, and other

relief.  It also appears that Messrs. Revere and Smith participated in and both billed for a meeting with Myles Breiner on April 30, 2020 regarding the hearing on the motion for sanctions.[4]  Therefore, the Court reduces Mr. Smith's and Ms. Kobashigawa's hours by 0.6 and 0.2, respectively, for duplication.

####    3.    Excessive Hours

Lastly, the Court reduces time for excessiveness.  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  *Gates*, 987 F.2d at 1399 (quoting *Hensley*, 461 U.S. at 433–34). District court findings about matters such as the redundancy of the hours claimed are given considerable deference.  *See Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993) (quoting *Hensley*, 461 U.S. at 437).  Here, the Court finds that counsel spent excessive time working on the motion itself.  Two attorneys, one paralegal, and one legal assistant expended 41.9 hours revising and finalizing the motion.  This does not even include underlying drafting and meetings/ communications related to the motion.

The Court also deems excessive the one hour that Mr. Smith expended in preparation for the hearing on the motion because he did not argue the motion.

---

[4]  Curiously, Mr. Revere billed 0.3 more hours than Ms. Kobashigawa and 0.2 hours more than Mr. Smith.

And as noted above, Mr. Revere billed more time for meetings between him and his colleagues than his colleagues did.  The Court consequently treats the additional time as excessive.  In total, the Court reduces hours for excessiveness as follows:  (1) Mr. Revere – 5 hours; (2) Mr. Smith – 1 hour; (3) Ms. Kobashigawa – 5.7 hours; (4) Mr. Batis – 3.8 hours; and (5) Ms. Ernce – 1 hour.

     C.    <u>Total Fee Award</u>

Applying the reasonable hourly rates and above reductions, the Court concludes that Plaintiffs are entitled to $17,762.82 in fees and tax as reflected in this table:

| Name | Rate | Hours | Total |
|---|---|---|---|
| Terrance Revere | $400 | 27.6 | $11,040.00 |
| Paul Smith | $375 | 2.5 | $937.50 |
| Clarisse Kobashigawa | $225 | 18.4 | $4,140.00 |
| Mark Batis | $90 | 9.4 | $846.00 |
| Darci Ernce | $80 | 0 | $0.00 |
| | | Subtotal | $16,963.50 |
| | | GET (4.712%) | $799.32 |
| | | **Total** | **$17,762.82** |

An adjustment to the lodestar is unnecessary pursuant to the *Kerr* factors.

II.    <u>Costs</u>

Plaintiffs request $625.48 in costs, comprised of $553.88 in transcript fees, $64.90 in copying costs, and $6.90 in postage.  Plaintiff provided invoices for the transcript fees but failed to supply necessary information concerning the copying costs.  Local Rule 54.1(f)(4) requires parties to "describ[e] the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied."  Local Rule 54.1(f)(4).  Moreover, the authorized per-page cost is $0.15, or the actual cost charged by a commercial copier.  *See id.*  Copies must be "necessarily obtained for use in the case," not "for the use and/or convenience of the party seeking recovery[.]"  *Id.*  Because the Court lacks this information, it cannot ascertain whether the requested reimbursement is reasonable and consequently declines to award copying costs.  Given the supporting documentation for the transcript fees and counsel's verification that the postage was reasonably incurred,[5] the Court awards $560.78 for transcript fees and postage.

CONCLUSION

For the reasons stated herein, the Court awards Plaintiffs **$17,762.82** in attorneys' fees and tax and **$560.78** in costs.  The defense is ordered to remit payment to Plaintiffs' counsel by **July 2, 2020**.  Failure to do so may result in the imposition of additional fees and costs.

---

[5] Postage does not require additional verification like copying costs.

IT IS SO ORDERED.

DATED:      Honolulu, Hawaiʻi, June 2, 2020.



Jill A. Otake
United States District Judge

Civil No. 17-00143 JAO-KJM; *Reyes, et al. v. Tanaka, et al*.; ORDER REGARDING AWARD OF FEES AND COSTS

11