IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEINETTE KAINOA REYES, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ERIC G. TANAKA, et al., <br><br> Defendants. | CIVIL NO. 17-00143 JAO-KJM <br><br> ORDER DENYING DEFENDANT ERIC G. TANAKA'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW |

**ORDER DENYING DEFENDANT ERIC G. TANAKA'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

Following a mistrial in this case, Defendant Eric. G. Tanaka ("Tanaka") renews his request for judgment as a matter of law with respect to the constitutional claims; qualified immunity; qualified privilege; and wrongful death claim. For the reasons articulated below, the Court DENIES the Renewed Motion for Judgment as a Matter of Law. ECF No. 398.

BACKGROUND

As the parties and the Court are familiar with the lengthy history of this case, the Court only includes those facts necessary for the disposition of this Motion.

At the close of Plaintiffs' case during trial, Tanaka filed a Motion for Judgment as a Matter of Law. ECF No. 330. The Court orally denied the motion.

ECF No. 350.  On February 26, 2020—the fifth day of jury deliberations—the jury informed the Court that it could not reach a unanimous verdict.  ECF No. 349.  Consequently, the Court declared a mistrial.  *See id.*

On March 24, 2020, Tanaka filed the present Motion.  ECF No. 398.

On May 12, 2020, the Court issued an Order Granting in Part and Denying in Part Plaintiff's Motion for Default, Sanctions and Other Appropriate Relief ("Sanction Order").  ECF No. 421.  The Court determined that Plaintiffs were entitled to sanctions pursuant to Federal Rule of Civil Procedure ("FRCP") 37(c) due to the defense's failure to produce critical discovery—revealed for the first time at trial—because the failure was neither substantially justified nor harmless.  *Id.* at 13–16.  The Court prohibited Tanaka from using the non-produced documents at the new trial and awarded Plaintiffs their attorneys' fees and costs incurred in connection with the motion.  *Id.* at 16–18.

To further remedy the prejudice caused by the defense's failures, the Court reopened discovery pursuant to FRCP 16(b) and ordered the following additional discovery:  (1) production of documents related to the Buford Goff report and budget/funding for cameras from 2013; (2) production of e-mails regarding the rapes that are the subject of this litigation; (3) retention of an expert to address the Buford report at the defense's expense; (4) re-depositions of Tanaka and Cheyenne

Evans; and (5) the possibility of further discovery should the post-trial discovery necessitate it. *Id.* at 18–20.

## LEGAL STANDARD

FRCP 50(b) governs renewed motions for judgment as a matter of law and provides:

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment--or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged--the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
>
> (1) allow judgment on the verdict, if the jury returned a verdict;
>
> (2) order a new trial; or
>
> (3) direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b). To renew a motion for judgment as a matter of law, a party must have filed an FRCP 50(a) motion before the case was submitted to the jury. *See E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009). "If the judge denies or defers ruling on the motion, and if the jury then returns a verdict against the moving party, the party may renew its motion under Rule 50(b)." *Id.*

A jury verdict that is supported by substantial evidence must be upheld. *See Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th Cir. 2007) (citation omitted). "Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." *Weaving v. City of Hillsboro*, 763 F.3d 1106, 1111 (9th Cir. 2014) (citation and quotations omitted).

Judgment as a matter of law is appropriate if "the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 999 (9th Cir. 2008) (citation omitted); *Peralta v. Dillard*, 744 F.3d 1076, 1085 (9th Cir. 2014) (citations omitted). Because the standards for judgment as a matter of law and for granting summary judgment mirror one another, courts must "review all of the evidence in the record." *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (citations omitted). And although "the court must draw all reasonable inferences in favor of the nonmoving party . . . it may not make credibility determinations or weigh the evidence." *Id.* (citations omitted); *GoDaddy*, 581 F.3d at 961. "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes

4

from disinterested witnesses.'" *Reeves*, 530 at 151 (citation omitted). Denial of a motion for judgment as a matter of law is erroneous "when it is clear that the evidence and its inferences cannot reasonably support a judgment in favor of the opposing party." *Weaving*, 763 F.3d at 1111 (citation and quotations omitted).

"A jury's inability to reach a verdict does not necessarily preclude a judgment as a matter of law." *Headwaters Forest Def. v. Cty. of Humboldt*, 240 F.3d 1185, 1197 (9th Cir. 2000), *vacated on other grounds sub nom. Cty. of Humboldt v. Headwaters Forest Def.*, 534 U.S. 801 (2001) (citation omitted); *Shum v. Intel Corp.*, 633 F.3d 1067, 1076 (Fed. Cir. 2010); *Elliott v. Versa CIC, L.P.*, No. 16-CV-0288-BAS-AGS, 2019 WL 414499, at *6 (S.D. Cal. Feb. 1, 2019) ("Notwithstanding the jury's failure to reach a verdict, if the standard for granting a motion for judgment as a matter of law is met, a renewed motion for judgment as a matter of law under Rule 50(b) is appropriate and may be granted." (quoting 9B Fed. Prac. & Proc. Civ. § 2537 Renewed Motion for Judgment as a Matter of Law, Charles Alan Wright & Arthur R. Miller (3d ed.)).

## DISCUSSION

Tanaka argues that he is entitled to judgment as a matter of law because: (1) he cannot be held vicariously liable for the Adult Corrections Officers' conduct and Plaintiffs failed to prove that he acted with deliberate indifference; (2) he is entitled to qualified immunity because his actions were at all times objectively

reasonable; (3) he is entitled to qualified privilege as to Plaintiffs' negligence claims because Plaintiffs presented no evidence that he acted with malice or an improper purpose; and (4) no reasonable jury could have found that his actions were wrongful or negligent or that his conduct proximately caused Dawnielle Panlasigui's death under Hawaiʻi law. The crux of these arguments is that *Plaintiffs failed to adduce necessary evidence to support their claims*.

Of course the primary problem with this is that Plaintiffs only adduced the evidence of which they were aware. Defendant's discovery violations surely infected the evidence presented, or more accurately, the evidence *not* presented. Tanaka contends that Plaintiffs have not explained how the unproduced documents would have created a genuine issue of material fact or supported their claims and denies that the unproduced discovery could do so. This argument is not well taken considering only Tanaka, or at least the defense, is privy to the universe of discovery that might support Plaintiffs' claims, and knowingly withheld critical documents until trial. Tanaka should not be able to withhold evidence, thereby limiting the availability of evidence to support Plaintiffs' claims at trial, then turn around and accuse Plaintiffs of failing to present adequate evidence. Indeed, it is remarkable that Tanaka seeks the present relief based on an advantage he created for himself, and for which he has been sanctioned.

Neither the Court nor Plaintiffs know the extent of withheld discovery[1]—and have yet to know—because discovery is ongoing.  The Court cannot be expected to make a dispositive decision (in Tanaka's favor no less) based on an incomplete evidentiary record.  The Court rejects Tanaka's representation that the outstanding discovery merely concerns efforts to review and upgrade security cameras and therefore has no bearing on the central issue in this case.  Until the additional discovery is completed, and Plaintiffs have had an opportunity to utilize that discovery (if they so choose), the Court is unable to conduct an FRCP 50(b) analysis.  The undisputedly incomplete evidentiary record precludes such a determination.

For these reasons, the Court DENIES the Motion.

## CONCLUSION

In accordance with the foregoing, the Court DENIES Defendant Eric G. Tanaka's Renewed Motion for Judgment as a Matter of Law.  ECF No. 398.

---

[1] The Court and Plaintiffs only learned of the existence of withheld discovery because Tanaka attempted to use it in his defense at trial.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, June 22, 2020.

Jill A. Otake
United States District Judge

Civil No. 17-00143 JAO-KJM; *Reyes, et al. v. Tanaka, et al.*; ORDER DENYING DEFENDANT ERIC G. TANAKA'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW